SAMUEL D. FORBES *v.* JAMES MARTIN, Sheriff.

*Conditional Sale—Proof—Replevin—Previous Demand.*

A conditional sale of goods and chattels is valid, and the burden of proving it rests on the plaintiff.

In an action of replevin against a sheriff for levying upon goods which had been sold to the present owner upon conditional sale, no proof of a demand by the plaintiff and refusal by the sheriff to deliver the goods to him was necessary.

(*New Castle, 1886.*)

REPLEVIN for one hub lathe, one spoke lathe and one tenon machine and fixtures of the value of four hundred dollars, *Pleas non cepit*; and that the said goods were the goods of Forbes and Banks, and not of the said Samuel D. Forbes.

Samuel D. Forbes, plaintiff, testified: Seven years ago I was in the business here of manufacturing spokes and wheels, and owned and used the said lathes and machinery in that business. In April, 1884, Forbes and Banks came to me and wanted to buy them. Banks said, after we had agreed on the price, that he could pay the money for them, but would like to have time on them. I told him I was not willing to trust them, but would let them have the use of them until they paid for them, receiving two notes, one at four months for two hundred dollars, and one at six months for two hundred and fifty dollars, and also the following agreement:

"WILMINGTON, April 25, 1884.

"This may certify that the Spoke, Lathe & Tennon Machine that we borrowed are to remain the property of S. D. Forbes until we have paid the two notes which we have this day given, one

for two hundred at four months and one for two hundred and fifty dollars at six months, and further, we are to let Mr. Forbes have four sets of good wheels valued at twenty-five dollars, and when we have done this the machines together with a hub lathe are to become ours, and Mr. S. D. Forbes is to give us a bill and receipt for them in full, but until we have fulfilled on our part as agreed the machines are to remain the property of S. D. Forbes.

FORBES & BANKS."

$200 in 2 mo.
$250 to be paid in 6 mo."

"April 25th, 1884.

Received of Forbes & Banks, two notes one at four months for two hundred dollars and one at six months for two hundred and fifty dollars, which when paid will be in full for a spoke lathe and Tennon machine and parts sand belt and hub lathe.

S. D. FORBES."

At that time I had no knowledge whatever that they were embarrassed in their business, or that any execution had been issued against them and was then in the hands of the sheriff. They have not paid me anything on the notes, when I learned that the sheriff had levied on the machines, I went to him and told him that they belonged to me and were my property and told him about the agreement, and demanded them of him as my property, but he declined to surrender them to me, and advised me to sue out a writ of replevin for them.

After other evidence in support of the above, William Ford testified: Was one of the members of the firm of Forbes and Banks, and made the agreement in writing with the plaintiff and signed the name of our firm to it. I told him before I did it that our goods had been levied on and it was not drawn by him or signed by me until after the first levy had been made on our property, but before the second levy had been made on them. The first was made on first day of May, 1884, and the second on the twelfth day of that month.

*William C. Spruance*, for the plaintiff: This was a conditional

sale and in such a sale the ownership of the goods does not pass to the purchaser until performance of the condition.

*Davis* (*Benjamin Nields* with him) for the defendant:

There was no proof of a demand and refusal in this case, 1 Houst., 605 ; *Truax v. Parvis** (Kent Co., April Term, 1886), 3 Houst., 63 ; 5 Houst., 192. There was an absolute and not a conditional sale when the goods were delivered to the purchaser in this case, and the conditions afterwards sought to be affixed to it by a further agreement between the vender and purchaser after the goods had been levied on at the suit of their creditors, was merely an afterthought and was fraudulent and fraud is against them, and could be no avail to defeat the original and absolute sale and revest the ownership of the goods in the vendor.

*Spruance*, in reply, quoted 5 Houst., 192 ; I do not deny that if it was originally an unconditional sale, and the goods were afterwards levied on as the property of the purchaser at the suit of a creditor of theirs, and the terms of the conditional sale were not agreed on by the parties to the contract of sale until after that, it could have any effect to qualify or render it a conditional sale as against such a creditor. But it was a conditional sale. On the day when the goods were sold and delivered and before any execution was levied on them, then the purchasers could have had no property or ownership of the goods when they were levied on, and the taking of them under it was wrongful against the plaintiff, the owner of them, and no demand and refusal was necessary in the case. 7 Gray, 155 ; 3 Cush., 257.

COMEFYS, C. J., charged the jury :

That the case turns upon one question, and that a question of fact to be ascertained by the jury, viz.: did the goods or the property in question belong to the plaintiff at the time when they were levied on by the sheriff as the goods of Forbes and Banks. You must recognize the validity of a conditional sale of goods and chattels when it is proven, and the burden of proving it rests on the

*NOTE.—See page 330 current volume.

plaintiff in this case. If you are satisfied from the evidence that the property in question belongs to the plaintiff at the time of the levy, then your verdict should be for him. No proof of a demand by the plaintiff and a refusal by the sheriff to deliver the goods to him was necessary.

Verdict for the defendant.